IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICKY LEE ROBERTS,**

    **Petitioner,**

v.                           Case No. 21-CV-00085-SPM

    **Respondent.**

**McGLYNN, District Judge:**

Petitioner Ricky Lee Roberts ("Roberts") is incarcerated at FCI-Greenville. He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct credit against his sentence, imposed as a disciplinary sanction, DHO 3280212, while he was incarcerated at FCC-Terre Haute (Doc. 1).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

Roberts claims 41 days good time was taken for the incident which occurred on July 14, 2019, which is allowed, but contests the taking of 180 non-vested good conduct time (*Id.*). It is unknown whether Roberts sought prior relief because on his habeas form, he checked the box for "No" when asked, "Did you appeal the decision, file a grievance, or seek an administrative remedy?" (*Id.,* p. 2). However, he later checks the "Yes" box when asked, "Did you present Ground One in all appeals that

were available to you?" (*Id.,* p. 6).

## Discussion

The Attorney General, acting through the BOP, calculates an inmate's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

A habeas petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the calculation, *i.e.*, the execution, of a sentence. *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000). Generally, a petitioner must exhaust administrative remedies before petitioning the Court for relief. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983).

## Conclusion

For the foregoing reasons, Petitioner Ricky Lee Roberts Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  March 12, 2021**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**